14060

BALDWIN v. METROPOLITAN LIFE INS. CO.

(180 S. E., 31)

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. Huff & Huff,* for respondent,

May 9, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent was insured under a group policy issued by the appellant company to the employees of Brandon Cor-

poration. The policy contains the usual disability clause. The action is brought to recover upon the allegations of total disability sustained under circumstances which bring the insured within the coverage of the policy. The answer sets up a general denial and, *inter alia,* that the alleged total disability did not occur while plaintiff was in the employ of Brandon Corporation; that the right to recover did not accrue until three months after the receipt by the company of proof of the total disability of the insured; and that the action was commenced before the expiration of the said period.

The case was heard by Judge Featherstone with a jury.

Motions for nonsuit and directed verdict were made by defendant upon the grounds that the action was prematurely brought, and because there is no evidence to support a reasonable inference that the plaintiff became totally and permanently disabled while insured under the group policy sued on.

Both motions were denied. His Honor held that the company, having denied liability before the expiration of the three months' period, had waived that provision of the contract. He said: "There is a reason for that requirement, in order that the Company may have time to investigate it. But when the plaintiff submits proof of loss which the Company says is not sufficient, it seems to me that a denial of liability would be a waiver of that provision of the contract."

The ruling is sound; we concur in it.

His Honor held that there was evidence that the alleged total disability occurred during the coverage of the policy while plaintiff was in the employ of Brandon Corporation. The plaintiff directly and frequently so testified. True, there was evidence which tended to contradict him, while made an issue for the jury, which has been decided against defendant.

The appeal is upon exceptions which rest upon the two grounds upon which the motions for nonsuit and directed verdict were predicated.

We find no error.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE CARTER and MESSRS. ACTING ASSOCIATE JUSTICES T. S. SEASE and A. L. GASTON concur.